UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ACG PIZZA PARTNERS, LLC,** a Delaware limited liability company, | Case No. _____ |
| **Plaintiff** | |
| v. | |
| **MYKULL ENTERPRISES, INC.,** a Delaware corporation, and **MICHAEL CHARLES ELLIS**, an individual, | |
| **Defendant** | |

## COMPLAINT

Plaintiff, ACG Pizza Partners, LLC, sues Defendants, Mykull Enterprises, Inc. and Michael Charles Ellis, and alleges:

### Parties, Jurisdiction, and Venue

1. This Court has jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 29 U.S.C. §§ 1331 and 1338. Count I of this action arises under the trademark laws of the United States. The Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims asserted by Plaintiff occurred in this District.

3. Plaintiff ACG Pizza Partners, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

4. Defendant Mykull Enterprises, Inc. ("**Franchisee**") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Warner Robins, Houston County, Georgia.

5. Defendant Michael Charles Ellis ("**Guarantor**") is a resident and citizen of Warner Robins, Houston County, Georgia. Guarantor owns and controls Franchisee.

## General Allegations

6. Since in or around November of 2007, Plaintiff has owned a business system identified by the trade name "STEVI B'S PIZZA" relating to the establishment, development, and operation of family restaurants that specialize in all-you-can-eat pizza buffet, salads, and related food and beverage items prepared in accordance with specified recipes and procedures.

7. Plaintiff owns multiple marks, including Registration No. 2211490 for "STEVI B'S PIZZA", which was first registered in the United States Patent and Trademark Office on December 15, 1998, for use in identifying pizza restaurant services. Plaintiff also owns the marks "STEVI B'S PIZZA BUFFET" and "THE ULTIMATE STEVI B'S PIZZA BUFFET EST. 1996."

8. The aforementioned business system and intellectual property rights have been and are licensed to others through written franchise agreements. In exchange for these rights and among other things, STEVI B'S PIZZA® franchisees agree to pay their franchisor a recurring royalty based upon a defined percentage of gross receipts.

9. Plaintiff acquired its business system, associated intellectual property and related assets from Stevi B's Enterprises, Inc. Attendant to this acquisition, Plaintiff received from Stevi B's Enterprises, Inc. and its affiliates an assignment of its then existing franchise agreements and other contract rights. These other contract rights included an assignment of lease agreements between affiliates of Stevi B's Enterprises, Inc., as tenant, and various landlords for restaurant locations that were, in turn, subleased to and operated by STEVI B'S PIZZA® franchisees.

10. One of the franchise agreements in existence at the time of Plaintiff's acquisition of the STEVI B'S PIZZA® franchise systems was with Defendant, MyKull Enterprises, Inc., as

franchisee. Specifically, on April 4, 2007, Franchisee entered into a franchise agreement ("**Franchise Agreement**") with Stevi B's Enterprises, Inc. to operate a STEVI B'S PIZZA® restaurant in Warner Robins, Georgia. A copy of the Franchise Agreement is attached as **Exhibit A**. Since in or around November of 2007, Plaintiff has been the franchisor under the Franchise Agreement.

11. Guarantor guaranteed the obligations of Franchisee under the Franchise Agreement by the written guaranty appended to the Franchise Agreement.

12. Attendant to Franchisee's entry into the Franchise Agreement, Franchisee and an affiliate of Stevi B Enterprises, Inc. called WR Food Services, Inc. entered into a sublease agreement ("**Sublease**") permitting Franchisee's occupancy of premises in a shopping center known as Willow Lake Crossing located at 2907 Watson Boulevard, Suite B, Warner Robins, Georgia 31093 ("**Premises**"). A copy of the Sublease is attached as **Exhibit B.**

13. Guarantor guaranteed the obligations of Franchisee under the Sublease by the written guaranty appended to the Sublease.

14. The rights that WR Food Services, Inc. subleased to Franchisee under the Sublease were derived from a Shopping Center Lease dated July 24, 1998 by and between Sofran Warner Robins, L.P. and WR Food Services, Inc. (**"Principal Lease"**). A copy of the Principal Lease is attached as **attached to the Sublease**. The Principal Lease and the Sublease were assigned by WR Food Services, Inc. to Plaintiff attendant to Plaintiff's acquisition of the STEVI B'S PIZZA® franchise system.

15. On April 28, 2014, Plaintiff terminated the Franchise Agreement and Sublease Agreement. A copy of its termination notice ("**Termination Notice**") is attached as **Exhibit C**.

16. Plaintiff terminated the Franchise Agreement because, among other things, (1) Franchisee had not operated the franchised business in accordance with the Franchise Agreement

on two or more occasions in the prior year; (2) Franchisee deceived Plaintiff concerning its actual sales by using a second cash register and, after being caught, Franchisee refused to account to Plaintiff for the unreported sales; (3) Franchisee and its principal are insolvent; and (4) Franchisee has pending against it one or more lawsuits seeking to foreclose a lien or mortgage against its business premises or equipment. Each of these defaults are grounds for immediate termination under the Franchise Agreement.

17. The termination of the Franchise Agreement ends Franchisee's right and license to use Plaintiff's business system and marks, including without limitation the STEVI B's PIZZA® mark.

18. Plaintiff also terminated the Sublease in the Notice of Termination because, as provided in paragraph 5 of the Sublease, Franchisee's default under the Franchise Agreement is also a default under the Sublease, entitling Plaintiff to exercise all remedies of the landlord under the Principal Lease. These remedies include termination as provided in Section 19 of the Principal Lease. Also, paragraph 12 of the Sublease prohibits Franchisee's use of the Premises for any purpose other than as a Stevi B's Pizza® restaurant, which Franchisee can no longer do.

19. The Termination Notice demanded that Franchisee immediately comply with its post-termination obligations under Section XVII of the Franchise Agreement, which include, among other things, prohibiting its use or display of Plaintiff's marks. The Termination Notice also demanded that Franchisee immediately vacate and quit the Premises.

20. The Chief Executive Officer ("**CEO**") of Franchisor personally delivered the Termination Notice to Guarantor as owner of Franchisee on April 28, 2014 at the Premises. Franchisor's CEO concomitantly reiterated to Guarantor that the Franchise Agreement and Sublease were terminated and demanded possession of the Premises along with immediate compliance with Franchisee's post-termination obligations. Guarantor refused Franchisee's

demands, specifically advising Franchisor's Chief Executive Officer that Franchisee would continue to operate the (unlicensed) STEVI B'S PIZZA® restaurant and occupy the Premises until and unless a court order was obtained. Guarantor then threatened Franchisor's CEO that Guarantor would summon the police if Franchisor's CEO did not leave the Premises.

21. As threatened by Franchisee and despite the termination of the Franchise Agreement and Sublease, Franchisee has in fact ignored Franchisor's demands and made continued and substantial use of Plaintiff's marks in commerce, including use of the STEVI B'S PIZZA® mark in conjunction with Franchisee's continued operation of an (unlicensed) STEVI B'S PIZZA® restaurant at the Premises.

22. The Franchise Agreement, at Section XXX thereof, obligates the parties to resolve by arbitration those claims arising from the Franchise Agreement but "excluding any claim relating to confidential information or the marks." Accordingly, the claims made herein solely pertain to matters excepted from the scope of the arbitration obligation or otherwise arising independent from the Franchise Agreement. Franchisor reserves the right to and intends to institute arbitration proceedings as may be necessary to afford it complete relief against Franchisee and Guarantor.

23. All conditions precedent to this action have been performed, have been satisfied, or have otherwise occurred.

### COUNT I - INFRINGEMENT

24. Plaintiff repeats and realleges paragraphs 1 through 23 above.

25. "STEVI B'S PIZZA", "STEVI B'S PIZZA BUFFET" and "THE ULTIMATE STEVI B'S PIZZA BUFFET EST. 1996", as used by Franchisee and those in concert with it, are identical to Plaintiff's marks.

26. Defendants have made unlicensed use of the STEVI B'S PIZZA® mark in commerce and its unlicensed use is continuing. The pizza restaurant services and products that Defendants provide or are proposing to offer are substantially identical to the services provided by Plaintiff and its licensed franchisees.

27. Defendants also continue to use telephone numbers associated with Plaintiff's marks that were used by Franchisee prior to termination of the Franchise Agreement, along with corresponding listings and advertising.

28. Franchisee's use of "STEVI B'S PIZZA" is without any written or oral consent from Plaintiff whatsoever.

29. The use of "STEVI B'S PIZZA" and any colorable variation thereof by Franchisee is likely to cause mistake or confusion or deception in the minds of the public and constitutes infringement.

30. The infringement charged above is knowing and willful.

### COUNT II - DISPOSSESSION

31. Plaintiff repeats and realleges paragraphs 1 through 23 above.

32. Franchisee has defaulted under the terms and conditions of the Lease as a result of its defaults under the Franchise Agreement.

33. Plaintiff has demanded possession of the Premises.

34. Franchisee has refused to vacate the Premises and remains in possession of the Premises.

35. As a result of Franchisee's default under the Lease, Plaintiff is entitled to a writ of possession.

**WHEREFORE**, Plaintiff, ACG Pizza Partners, LLC, requests the following relief against Defendants Mykull Enterprises, Inc. and Michael Charles Ellis:

A. An order preliminarily and permanently enjoining Defendants, their agents, servants and employees, and those people in active concert or participation with them, from:

1. Using Plaintiff's marks, including "STEVI B'S PIZZA", or any trademark, service mark, logo, or trade name that is confusingly similar thereto;

2. Otherwise infringing upon Plaintiff's marks or using any similar designation, alone or in combination with any other components;

3. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendants' business or services; and

4. Causing a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection, or association with Plaintiff and its franchisees or any of their services.

B. An Order, pursuant to 15 U.S.C. § 1118, that all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of Defendants, their affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation bearing Plaintiff's marks, and all plates, molds, and other means of marking the same, if any, be delivered to Plaintiff at Defendants' cost;

C. An Order requiring Defendant to immediately surrender its business telephone numbers used and associated with Plaintiff's name and marks and to promptly eliminate its advertising under Plaintiff's marks or any other confusingly similar designations from all media, including, but not limited to, newspapers, flyers, websites, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at Defendants' cost;

D. An Order requiring Defendants to file with the Court and to serve upon Plaintiff's counsel within thirty (30) days after entry of any injunction or order issued herein, a written

report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

E.  A Writ of Possession in favor of Plaintiff and against Defendants for the premises located at 2907 Watson Boulevard, Suite B, Warner Robins, Georgia 31093;

F.  An award of reasonable attorneys' fees and costs incurred in connection with obtaining the relief sought herein under the Lanham Act, the Franchise Agreement and Sublease; and

G.  Such other and further relief as the Court deems just and proper.

This 5th day of May, 2014.

/s/ G. Grant Greenwood
G. GRANT GREENWOOD
Georgia Bar No. 309166
*Attorney for Plaintiff ACG Pizza Partners, LLC*

**JAMES-BATES-BRANNAN-GROOVER LLP**
231 Riverside Drive, Suite 100
P.O. Box 4283
Macon, Georgia 31208-4280
Telephone:   (478) 742-4280
Facsimile:   (478) 742-8720
ggreenwood@jamesbatesllp.com