IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ACG PIZZA PARTNERS, LLC,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | )    **CIVIL ACTION NO. 5:14-CV-174 (MTT)** <br> ) |
| **MYKULL ENTERPRISES, INC., and** <br> **MICHAEL CHARLES ELLIS,** | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

## ORDER

Before the Court are the Defendants' responses (Docs. 16, 17) to the Plaintiff's applications to the Clerk of Court (Docs. 12, 13) for entries of default. Now that the Clerk has entered default against the Defendants, the Court construes the Defendants' responses as motions to set aside the entries of default.

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause." "Good cause" is a mutable and generally liberal standard. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Though not susceptible to a precise formula, among the factors courts have considered in finding that good cause exists are "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.*

In this case, the Defendants were one day late when they filed answers 22 days after being personally served with the complaint. (Docs. 6, 8, 14, 15). *See also* Fed. R.

Civ. P. 12(a)(1)(A)(i) (allowing 21 days to respond to a complaint). The Defendants contend their response was timely because they complied with the Court's CM/ECF Administrative Procedures for electronic filing, which provides that "[f]or the purpose of computing time pursuant to applicable rules, allow three (3) days for both mail and electronic service." CM/ECF Administrative Procedures at 6.

The Court doubts this additional three days applies to answers filed in response to complaints personally served on a defendant. *See* Fed. R. Civ. P. 5(b)(2); 6(d) (providing an additional three days response time when the complaint was *not* personally served). However, the Defendants' reliance on the Court's CM/ECF Administrative Procedures appears to have been in good faith, and their construction of its provisions is not entirely unreasonable even if it is wrong. Given that the answers were only one day late, that the Defendants are clearly ready to defend, that there has been no prejudice to the Plaintiff, and that the Court prefers to resolve disputes on their merits, the Court finds good cause has been shown to set aside the Clerk's entry of default.

Accordingly, it is **ORDERED** that the Clerk's entry of default against the Defendants be set aside. This case shall continue in the regular fashion.

**SO ORDERED**, this 4th day of June, 2014.

    S/ Marc T. Treadwell
    MARC T. TREADWELL, JUDGE
    UNITED STATES DISTRICT COURT