IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ACG PIZZA PARTNERS, LLC, *a Delaware limited liability company*,<br><br>Plaintiff,<br><br>v.<br><br>MYKULL ENTERPRISES, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 5:14-CV-174(MTT)<br>)<br>)<br>)<br>)<br>) |

**RULES 16 AND 26 ORDER**

This Order, and the attached Proposed Scheduling and Discovery Order Form, must be carefully read. This Order and the attached Proposed Scheduling and Discovery Order Form are amended from time to time. This document includes the latest revisions.

**NOTE: The pages of the Proposed Scheduling and Discovery Order must be numbered.**

Counsel and parties not represented by counsel should read Rules 16 and 26 of the Federal Rules of Civil Procedure and this Court's Local Rules. The Local Rules are available on the Court's web site (http://www.gamd.uscourts.gov). Counsel and parties not represented by counsel must abide by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules during the course of this litigation.

Each nongovernmental corporate party must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation. The deadline for filing the statement is set forth

in Fed. R. Civ. P. 7.1, and, if not filed sooner, the statement must in any event be filed within **14 days** of the date of this order.  A supplemental statement must be filed upon any change in the information that the statement requires.

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 26, the parties are ordered to confer within **20 days** of the date of this Order and to develop a Proposed Scheduling and Discovery Order (the "Proposed Order"), which must be submitted to the Court no later than **30 days** from the date of this Order in accordance with the CM/ECF Administrative Procedures and emailing it to macon.ecf@gamd.uscourts.gov.  A copy of the Proposed Order must be served upon each party.  If the parties cannot agree, the parties must state their differences and specify their positions in the Proposed Order.  Notify the Court immediately if a party does not cooperate in preparing the Proposed Order.

The Proposed Order must include time limits for the items addressed in Rule 16(b)(3)(A); the name and address of every witness to be deposed; the name, address, e-mail address, telephone and facsimile numbers of lead counsel for each party; and the date the complaint was filed and the date the complaint was answered.  The Proposed Order may also include such other matters as the parties deem appropriate.  The format for the Proposed Order is attached.

The Proposed Order will be carefully considered and, subject to such changes as may be deemed appropriate, either adopted by the Court or discussed with counsel in person or by conference call.

The initial disclosures required by Rule 26(a)(1) shall be served no later than the date the Proposed Order is submitted to the Court.  The Court expects that, absent good cause shown, all discovery will be completed within 180 days from the submission of the

Proposed Order to the Court.  No discovery request may be served unless the response to the request can be completed within the discovery period, and no <u>discovery</u> deposition shall be scheduled beyond the discovery period.  The Court considers requests for admission to be a discovery device subject to the discovery deadline.  Depositions to preserve testimony are not subject to the discovery deadline, but the failure to timely schedule such depositions shall not be grounds for continuance.

Any party who may use an expert witness at trial must disclose the expert early enough in the discovery period to give the opposing party the opportunity to depose the expert.  All expert witness disclosures must satisfy the requirements of Rule 26(a)(2)(B).  A plaintiff must disclose the identity of any expert who may testify at trial within 90 days after the submission of the Proposed Order to the Court.  A defendant must disclose the identity of any expert who may testify at trial within 120 days after the submission of the Proposed Order to the Court.  If the Plaintiff has not disclosed an expert but the Defendant has or if the Defendant designates an expert to testify on a subject not within the scope of any expert disclosure by the Plaintiff, the Plaintiff shall have 30 days from the date of the Defendant's disclosure to disclose a **rebuttal** expert.  The parties are reminded that a treating physician, depending on the subject matter of the physician's testimony, may be treated as an expert for purposes of disclosure of the physician's opinions and the admissibility of those opinions.  See *Wilson v. TASER International, Inc.*, 303 Fed. Appx. 708 (11th Cir. 2008); *Williams v. Mast Biosurgery USA, Inc.,* 644 F.3d 1312 (11th Cir. 2011).  A treating physician who is deemed an expert because she is expressing a causation opinion is not an expert for whom a written report is required.  See Fed. R. Civ. P. 26(a)(2)(B).

The parties have a continuing duty to supplement all disclosures and responses in

accordance with Local Rule 26(e) and the Federal Rules of Civil Procedure.

Local Rule 34 limits production requests to 10 per party, and Local Rule 36 limits requests for admission to 15 per party.  However, the Court encourages the parties to expedite the trial process by stipulating to the authenticity of documents prior to trial.  Therefore, requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

When producing large numbers of documents, the party producing the documents shall number them.

Motions to join other parties or to otherwise amend the pleadings shall be filed as soon as the need for joinder or amendment becomes apparent, but in no event shall such motions be filed after the close of discovery.

All dispositive motions must be filed within 30 days of the close of discovery.  All briefs in support of a motion for summary judgment, response briefs and reply briefs must conform to the standards set by Local Rules 7.2, 7.3 and 7.4.  The Court relies heavily on the parties' statements of facts required by Local Rule 56.  Generally, facts should be presented in chronological order.  When deposition transcripts are filed with the Court, the parties are **encouraged to email transcripts in ASCII format to Teri L. Hatcher, Courtroom Deputy**, at Teri_Hatcher@gamd.uscourts.gov.

If any attorney believes that it would be appropriate to have a telephone conference with the Court to discuss discovery issues, please contact Ms. Hatcher to schedule a telephone conference.

Do not send courtesy copies of letters, motions, or briefs to the Court.

Counsel will receive a memorandum order from the Court 120 days after the

Scheduling and Discovery Order is filed requiring counsel to confer about the status of discovery and submit an appropriate report to the Court.

In the event of settlement, the parties must notify the Court immediately.

**SO ORDERED,** this the 4th day of June, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
